

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
NIR Diagnostics Inc.,                              :
                                                   :
                Plaintiff,                         :    No. 08 Civ._____(___)
                                                   :
        -against-                                  :    COMPLAINT FOR PATENT
                                                   :    INFRINGEMENT
Nu Skin Enterprises, Inc.,                         :
                                                   :    ECF CASE
                Defendant.                         :    DEMAND FOR JURY TRIAL
------------------------------------------------------------x

## COMPLAINT

Plaintiff NIR Diagnostics Inc. ("NIR"), by its attorneys The Pitcock Law Group, for its Complaint against defendant Nu Skin Enterprises, Inc. ("Nu Skin"), respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement. NIR is the exclusive licensee of all rights in U.S. Patent No. 6,651,015 ("the '015 Patent"), U.S. Patent No 6,611,777 ("the '777 Patent) and U.S. Patent No 6,470,279 ("the '279 Patent), copies of which are attached hereto as Exhibits A, B and C (collectively, "the Patents-in-Suit"), with respect to technology and products used to conduct *in vivo* analyses of analytes. Upon information and belief, Nu Skin has infringed and/or induced infringement of the Patents-In-Suit through the use in the United States of its biophotonic scanners, which purportedly measure *in vivo* carotenoids (an analyte that serves as a biomarker for anitoxidants) in human skin.

2. This Court should award NIR trebled monetary damages for Nu Skin's willful infringement of the Patents-In-Suit.

## JURISDICTION AND VENUE

3. This is an action arising under the patent laws of the United States, Title 35 of the United States Code §§ 101, *et. seq.* This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (action arising under an Act of Congress relating to patents).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

5. Nu Skin is doing business within the United States, including within this Judicial District. Upon information and belief, Nu Skin has committed acts of infringement directly or through intermediaries in this Judicial District and throughout the United States.

## PARTIES

6. Plaintiff NIR is an Ontario corporation with its principal place of business at 44 Crawford Crescent, Campbellville, Ontario, Canada LOP 1B0. NIR specializes in the development of leading edge medical diagnostic instruments. Using its proprietary near infrared light technology, NIR creates and develops devices that monitor analytes noninvasively. NIR is the exclusive licensee of the Patents-in-Suit and has the right to exercise all rights of the owner of the Patents-In-Suit, including the right to sublicense and enforce the Patents-In-Suit.

7. Defendant Nu Skin is a corporation existing under the laws of Delaware, with a principal place of business located at 75 West Center Street, Provo, Utah 84601.

8. Upon information and belief, Nu Skin manufactures biophotonic scanners that infringe the Patents-In-Suit. These scanners use non-invasive Raman spectroscopy to establish carotenoid levels as a biomarker of antioxidant health status. These scanners are used throughout the United States, including in this Judicial District, for the purpose of increasing sales of antioxidant products sold by Nu Skin.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. The '015 patent was duly and lawfully issued on November 18, 2003. Upon information and belief, the Nu Skin biophotonic scanners infringe one or more claims of the '015 patent. Nu Skin biophotonic scanners are used in this Judicial District and elsewhere in the United States.

10. The '777 patent was duly and lawfully issued on August 26, 2003. Upon information and belief, the Nu Skin biophotonic scanners infringe one or more claims of the '777 patent. Nu Skin biophotonic scanners are used in this Judicial District and elsewhere in the United States.

11. The '279 patent was duly and lawfully issued on October 22, 2002. Upon information and belief, the Nu Skin biophotonic scanners infringe one or more claims of the '279 patent. Nu Skin biophotonic scanners are used in this Judicial District and elsewhere in the United States.

12. Nu Skin advertises and promotes the use of its biophotonic scanners in this Judicial District and throughout the United States.

13. Indeed, Nu Skin won the 2005 American Business Award for its development and marketing of the biophotonic scanners at a ceremony in New York City.

14. Truman Hunt, president and CEO of Nu Skin, was quoted as saying in response to winning the award: "The Pharmanex BioPhotonic Scanner is an innovative tool that allows our sales force and customers to measure the benefits of our nutritional products and continues to add quantifiable success to our business. Receipt of this award is a reflection of our commitment to innovation with respect to our products, sales tools and direct-selling business model."

15. Nu Skin actively markets its LifePak® and g3™ antioxidant supplements with its scanners. In various advertisements, Nu Skin guarantees that your Skin Carotenoid Score (the name Nu Skin gives to the measurements taken with the scanner) will increase as you take LifePak® or g3™ regularly as directed.

16. Upon information and belief, Nu Skin has greatly increased its antioxidant sales through promotion and use of its infringing biophotonic scanners.

### FIRST CLAIM FOR RELIEF
### (Infringement of the '015 Patent)

17. NIR repeats and realleges paragraphs 1 through 16 above as though fully set forth herein.

18. Upon information and belief, NIR alleges that Nu Skin has infringed and is currently infringing the '015 patent, has contributed and is currently contributing to the infringement of the '015 patent, and/or has actively induced and is actively inducing others to infringe the '015 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful. All such acts have been without authority or license from NIR.

19. Upon information and belief, Nu Skin's infringement, inducement of infringement and/or contributory infringement of the '015 patent has been and continues to be willful and deliberate, and without regard for NIR's rights in the '015 patent.

### SECOND CLAIM FOR RELIEF
### (Infringement of the '777 Patent)

20. NIR repeats and realleges paragraphs 1 through 19 above as though fully set forth herein.

21. Upon information and belief, NIR alleges that Nu Skin has infringed and is currently infringing the '777 patent, has contributed and is currently contributing to the

4

infringement of the '777 patent, and/or has actively induced and is actively inducing others to infringe the '777 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful. All such acts have been without authority or license from NIR.

22. Upon information and belief, Nu Skin's infringement, inducement of infringement and/or contributory infringement of the '777 patent has been and continues to be willful and deliberate, and without regard for NIR's rights in the '777 patent.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '279 Patent)

23. NIR repeats and realleges paragraphs 1 through 22 above as though fully set forth herein.

24. Upon information and belief, NIR alleges that Nu Skin has infringed and is currently infringing the '279 patent, has contributed and is currently contributing to the infringement of the '279 patent, and/or has actively induced and is actively inducing others to infringe the '279 patent, by committing acts defined in 35 U.S.C. § 271 as unlawful. All such acts have been without authority or license from NIR.

25. Upon information and belief, Nu Skin's infringement, inducement of infringement and/or contributory infringement of the '279 patent has been and continues to be willful and deliberate, and without regard for NIR's rights in the '279 patent.

### PRAYER FOR RELIEF

**WHEREFORE**, NIR prays for the following relief:

A. A judgment by the Court that the Nu Skin biophotonic scanners infringe the Patents-In-Suit;

B. A judgment by the Court that Nu Skin is liable for contributory infringement and inducement of infringement of the Patents-In-Suit;

C. A judgment by the Court that Nu Skin's infringement of the Patents-In-Suit has been and continues to be willful;

D. An award of damages to compensate NIR for infringement, including preliminary, pre- and post-judgment interests and costs, pursuant to 35 U.S.C. § 284, first paragraph;

E. An award of treble damages based on the willfulness of infringement, pursuant to 35 U.S.C. § 284, second paragraph;

F. A judgment by the Court that this case is exceptional and award NIR its reasonable attorney fees, disbursements and costs in accordance with the law, including, but not limited to, 35 U.S.C. § 285; and

G. For such other, further or different relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

NIR respectfully demands a trial by jury for all issues so triable in this action.

Dated: Nanuet, New York
August 26, 2008

Respectfully submitted,

The Pitcock Law Group

By: _____
Jeremy S. Pitcock (JP-4954)

Office and P.O. Address:
The Pitcock Law Group
20 Old Nyack Turnpike, Suite 307
Nanuet, NY 10954
(845) 215-9911

Attorneys for NIR Diagnostics Inc.